UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| TERRANCE LOWDERMILK, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| v. | ) | No.   1:05-cv-251 |
| | ) | *Mattice/Lee* |
| JOHN J. LAMANNA, WARDEN, | ) | |
| ROBERT E. COOPER, JR., ATTORNEY | ) | |
| GENERAL & REPORTER,[1] | ) | |
| | ) | |
| *Respondent.* | ) | |

## MEMORANDUM

Terrance Lowdermilk ("Lowdermilk") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Court File No. 3]. Lowdermilk seeks review of his 2000 state conviction on one count of aggravated assault. Presently before the Court is respondent's motion to dismiss Lowdermilk' § 2254 petition as time-barred [Court File No. 11]. After reviewing the record and the applicable law, the Court concludes that Lowdermilk's § 2254 petition is time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The Clerk is **DIRECTED** to substitute Robert E. Cooper, Jr., who is now the Attorney General and Reporter, for Paul G. Summers as a respondent in the Court file.

1

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects Lowdermilk pleaded guilty to one count of aggravated assault on December 20, 2000, was sentenced to the department of corrections for six years, and was granted probation [Addenda No. 1, at 26-27]. Lowdermilk neither pursued his right to appeal nor filed a state post-conviction petition. Since Lowdermilk did not pursue a direct appeal, his state court conviction became final on January 19, 2001, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. *See* TENN. R. APP. P. 4(a); 28 U.S.C. § 2244(d)(1). Lowdermilk's had one-year from the date his conviction became final in which to file his habeas petition. 28 U.S.C. § 2244(d)(1)(A).

However, "[t]he one-year period of limitations is tolled by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d 638, 640 (2003) (quoting 28 U.S.C. § 2244(d)(2). However, a state habeas petition filed after the one-year ADEPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) ("Because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations"), *cert. denied*, 540 U.S. 1060 (2003); *Webster v. Moore,* 199 F.3d 1256 (11th Cir. )("A state-court petition ...that is filed following the expiration of the limitations period cannot toll [the one-year] period because there is

2

no period remaining to be tolled"), *cert. denied*, 531 U.S. 991 (2000). Lowdermilk did not file a state post-conviction petition or other application for collateral review until November 3, 2003,[2] after the expiration of the one-year period of limitations for filing a § 2254 petition.[3]

Consequently, the instant § 2254 petition, which was filed on July 23, 2005, approximately three and a half years after the expiration of the one-year statute of limitations for filing a § 2254 petitioner expired, is time-barred.

To the extent Lowdermilk is challenging the revocation of probation on November 19, 2002, his petition is still time-barred. Lowdermilk's sentence was revoked on November 19, 2002, and his sentence was ordered into execution. There is nothing in the record indicating Lowdermilk appealed the revocation. A judgment in Tennessee becomes final thirty days after entry unless a timely post-trial motion is filed as designated in Rule 4(c) of the Tennessee Rules of Appellate Procedure. *State v. Lock*, 839 S.W.2d 436 (Tenn.Crim.App.1992). The record does not reflect that Lowdermilk filed any post-trial motions or pursued a direct appeal. Therefore, Lowdermilk's judgment became final on December 19, 2002, thirty days after the state trial court revoked his challenged sentence.

Thus, the revocation judgment also became final on December 19, 2002, upon the expiration

---

[2] A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. P. Assuming Lowdermilk's initial petition was properly filed and applying the mailbox rule to Lowdermilk's habeas petition, Lowdermilk's petition was filed on July 23, 2005. *See Houston v. Lack,* 487 U.S. at 273.

[3] On November 19, 2002, Lowdermilk's probation was revoked and the sentence was ordered into execution. On November 3, 2003, Lowdermilk filed a state post-conviction petition which the Court dismissed as untimely and further determined if it was a petition for writ of habeas corpus, relief should not be granted. The appellate court affirmed the trial court and the Tennessee Supreme Court denied Lowdermilk's application on December 6, 2004.

3

of thirty days in which he could have filed an appeal. Lowdermilk subsequently filed a state post-conviction petition on November 3, 2003.[4] Although the petition was deemed untimely and did not toll the statute of limitations, for the sake of discussion, assuming it was properly and timely filed, Lowdermilk's § 2254 petition is still time barred.

Lowdermilk's revocation became final on November 19, 2002, at which time the one-year statute of limitations for filing a § 2254 petition began to run. Assuming the November 3, 2003, state post-conviction petition was timely filed, three hundred and nineteen days had run on the one-year § 2254 statue of limitations, leaving forty-six days remaining on the one-year statute of limitations. The Tennessee Supreme Court denied Lowdermilk's application for permission to appeal on December 6, 2004, at which time the § 2254 one-year statute of limitations resumed. Thus, Lowdermilk had forty-six days, until January 21, 2005, in which to file a § 2254 petition. Consequently, Lowdermilk's § 2254 petition, which was filed on July 23, 2005, is time-barred as it was filed approximately six months after the expiration of the one-year statute of limitations.

Therefore, regardless of whether Lowdermilk is attacking his original conviction or the revocation of his probation, the time for filing a § 2254 petition in Lowdermilk's case expired on either January 19, 2002, or January 21, 2005. Since Lowdermilk's § 2254 petition was filed on July 23, 2005, it is time-barred by the statute of limitations.

Lowdermilk also asserts a claim for equitable tolling based on the facts presented in the petition and because he exercised due diligence. Equitable tolling rarely applies, *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004), and typically, "only when a litigant's failure to meet a legally-

---

[4] The State Criminal Court Judge dismissed the post-conviction petition as untimely and further determined that if the petition were treated has a petition for writ of habeas corpus under Tenn. Code Ann. §§29-21-202, et seq., habeas relief should not be granted.

4

mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). In determining whether to equitably toll AEDPA's statute of limitations, the Court employs a five-factor test. Those factors include: (1) the petitioner's lack of notice of the filing requirement; (2) his lack of constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). This list of factors is not necessarily all-encompassing, and not all factors are relevant in every case. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir.2002). The petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir.2003), and the decision as to whether to equitably toll the statute is to be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002).

Here, Lowdermilk's assertion that "once the Supreme Court of Tennessee informed the Petitioner that it had denied the application for permission to appeal on December 9, 2004, the Petitioner filed at the next stage within the one-year deadline in this Honorable Court pursuant to AEDPA 28 U.S.C. § 2254" (Court File No. 14, at 5)), can not be read as implying that he lacked actual or construction knowledge of the statute. Even if the petitioner lacked actual knowledge of the relevant provisions of AEDPA, the Sixth Circuit "'has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Nevertheless, Lowdermilk's

response reflects that he was aware of the one-year AEDPA statute of limitation, although he misinterpreted it. Thus, the statute provided constructive notice of the limitation and petitioner's misinterpretation of the time the statute began to run fails to demonstrate he lacked notice or constructive notice of the filing requirement. Ignorance of the law by incarcerated *pro se* litigants does not toll the limitations period. *See Price v. Jamrog*, 79 Fed.Appx. 110, 112 (6th Cir. 2003) (unpublished), *available at* 2003 WL 22435645, at *2. Therefore, factors one and two weigh against equitable tolling. "The diligence factor relates not only to the filing of the federal habeas application, but also to the period the petitioner is exhausting his state court remedies." *Bourne v. Carlton*, 2006 WL 1491196 (E.D. Tenn. 2006). After Lowdermilk's re-sentencing became final, he waited almost one-year to file a state post-conviction petition.[5] Lowdermilk's delay in seeking state post-conviction relief displays a lack of diligence in pursuing his rights. Likewise, Lowdermilk's seven month delay in filing the instant petition does not demonstrate diligence in pursuing his rights. In addition, as there is nothing in the state court record or the petitioner's habeas pleadings to indicate he was ignorant of the legal requirement for filing his claims, factor five does not apply, and the Court need not determine prejudice to the respondent since this factor only applies where one other factor which might justify tolling has already been identified. *Vorman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

Lowdermilk cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. The petition provides no explanation for Lowdermilk's failure to file a timely habeas petition. Therefore, equitable tolling of the limitations period is not available to the petitioner and his habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1).

---

[5] The one-year ADEPA statute of limitations was also running during that time period.

Accordingly, it is hereby **ORDERED** that respondent's motion to dismiss will be **GRANTED** [Court File No.11] and Lowdermilk's petition for writ of habeas corpus will be **DISMISSED** [Court File No. 3] as time-barred. An order will enter.

**ENTER:**

        *s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE